IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| | ) | |
| Southeast Booksellers Association, | ) | |
| *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 2:02-3747-23 |
| v. | ) | |
| | ) | **ORDER** |
| Henry D. McMaster, Attorney | ) | |
| General of South Carolina, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Defendants' motion pursuant to Rule 62(d) of the

Federal Rules of Civil Procedure for a stay, without supersedeas bond, of this court's Third

Amended Judgment dated September 16, 2005, and the Amended Order dated September 16, 2005.

Plaintiffs filed a response, and Defendants filed a reply.  For the reasons set forth herein, the court

denies Defendants' motion for a stay without supersedeas bond.

**BACKGROUND**

On September 8, 2005, this court granted Plaintiffs' motion for attorney's fees pursuant to

42 U.S.C. § 1988.  Specifically, this court found Plaintiffs entitled to an award of attorney's fees in

the amount of $405,485.61.  On September 15, 2005, Defendants moved pursuant to Rule 59 of the

Federal Rules of Civil Procedure for amendment of the judgment to specify in both the conclusion

and the Second Amended Judgment that the award of attorney's fees was made against the State of

South Carolina as an entity.  The court granted this motion and filed an Amended Order on

September 16.  However, on September 22, Defendants submitted a letter to this court stating that

Defendants (Attorney General and Solicitors) did not represent the state and had no authorization

to speak to the manner or means of any payment of the attorney's fees award against the state.[1]

Subsequently, on October 11, 2005, Defendants filed their Notice of Appeal.

On November 3, 2005, Defendants filed the present motion pursuant to Rule 62(d), requesting that the court grant a stay without first requiring the posting of a supersedeas bond. Specifically, in their motion, Defendants argue that the court should not require a bond because "Plaintiffs will not be harmed if the stay is issued because the State retains the financial ability to pay the award." (Mot. at 6.)  In response, Plaintiffs argue that Defendants' motion should be denied because Defendants have failed to offer any valid reason to excuse the bond requirement, as set forth in Rule 62(d) and Local Rule 62.01.  Moreover, Plaintiffs state: "[s]trict enforcement of the bond requirement is critical because Defendant's recent statements have created genuine uncertainty as to who, if anyone, in the state government will assume responsibility for paying the judgment and when and how it will be paid."  (Pls.' Opp. at 1.)

## DISCUSSION

Rule 62(d) of the Federal Rules of Civil Procedure provides the following:

Stay Upon Appeal.  When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court.

---

[1] Interestingly, although Defendants claim not to represent the State in this action, in their memorandum in opposition to Plaintiffs' motion for attorney's fees, Defendants state: "an award should be made directly against the state of South Carolina as an entity, rather than these Defendants, because at issue was a state statute which the Solicitors and the Attorney General had not enforced or threatened to enforce."  (Mem. Opp. at 2, n.1.)

Fed. R. Civ. P. 62(d).[2] Thus, Rule 62(d) entitles an appellant to a stay as a matter of right in all cases

upon the filing of a supersedeas bond.  *See, e.g.*, *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir.

1986) (stating that Rule 62(d) entitles an appellant to a stay of execution of the judgment upon the

posting of a supersedeas bond); *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Assoc.*, 636

F.2d 755, 757 (D.C. Cir. 1980) (noting that although some authorities support the position that a

supersedeas bond is always required, the more persuasive view is that "Rule 62(d) only operates to

provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas

bond, and does not prohibit the district court from exercising a sound discretion to authorize

unsecured stays in cases it considers appropriate"); *Alexander v. Chesapeake, Potomac & Tidewater

Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) ("Rule 62(d), by its terms, says no more than that

an appellant may obtain a stay as a matter of right by posting such a bond.  Significantly, Rule 62(d)

does not address, and hence does not preclude, issuance of a stay on the basis of some lesser bond,

or indeed, no bond.").  Thus, as stated in *Alexander*:

> [A] district court's inherent discretionary power to stay judgments pending appeal
> on the basis of less than a full supersedeas bond, or no bond, is not addressed or
> affected by Rule 62(d), which establishes only the narrow proposition that a full
> supersedeas bond *entitles* an appellant to the issuance of a stay pending disposition
> of the appeal.  Left to be resolved is . . . what principle guides a district court's
> exercise of discretion to issue a stay of the judgment on less than a full bond securing
> the entire judgment.

*Alexander*, 190 F.R.D. at 192; *see also Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 195 (W.D.N.C.

2000) ("Rule 62(d), while addressing when a party is entitled to a stay as a matter of right, does not

---

[2] Additionally, as Plaintiffs point out, Local Rule 62.01 provides that "[t]he appellant shall not be entitled to a stay of execution of the judgment pending appeal unless the appellant executes a bond with good and sufficient sureties . . . ."  Moreover, Local Rule 62.01 states that the bond should be in the amount of 125% of the $405,485.61 judgment awarded by this court.

3

address when a court, in its discretion, may stay a judgment pending appeal on terms other than a

full supersedeas bond.").

The Fourth Circuit apparently has not adopted any particular standard to guide the district

court's exercise of discretion in granting unsecured stays.  However, a few Fourth Circuit district

court cases bear mentioning.

First, in *Alexander*, the district court for the Eastern District of Virginia addressed the issue

of what principle to apply to guide the court's discretion in granting unsecured stays.  190 F.R.D.

at 192-93.  The court followed the Fifth Circuit's statement of the governing principle and stated:

"In determining whether to issue a stay pending appeal on the basis of less than a full bond, a district

court should act to 'preserve the status quo while protecting the non-appealing party's rights pending

appeal.' " *Id.* at 193 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*,

600 F.2d 1189, 1191 (5th Cir. 1979)).  The court also stated that a full bond should be required in

the typical case, but again followed the Fifth Circuit in stating that:

> a full bond may not be necessary in either of two polar circumstances: (i) when the
> judgment debtor can currently easily meet the judgment and demonstrates that it will
> maintain the same level of solvency during appeal and (ii) when "the judgment
> debtor's present financial condition is such that the posting of a full bond would
> impose undue financial burden."

*Id.* at 193 (quoting *Poplar Grove*, 600 F.2d at 1191).  Ultimately, in *Alexander*, because the

judgment debtor did not have the means to satisfy the judgment, the district court conditioned a stay

of judgment on the posting of a bond that reflected the debtor's current ability to pay.  *Id.*; *see also*

*Connecticut Gen. Life Ins. Co. v. Riner*, 2005 WL 151933 (W.D.Va. Jan. 24, 2005) (unpublished)

(citing *Alexander* and granting an indigent prisoner's motion to stay the judgment pending appeal

without requiring him to post a bond).

Next, in *Kirby*, the district court for the Western District of North Carolina stated that before

it could exercise its discretion in granting a stay without requiring a bond, it first had to determine

whether a stay was warranted. 210 F.R.D. at 195. In so determining, the court considered the

following factors set forth by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987):

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceedings; and (4) where the public

interest lies." *Id.* The court then stated:

> After determining that a stay is warranted, the Court must then determine that it
> should issue a stay on less than a full bond securing the entire judgment. In making
> this determination, the Court must be mindful of the purpose for requiring a bond on
> appeal, " 'to preserve the status quo while protecting the non-appealing party's rights
> pending appeal.' "

*Id*. (citing *Alexander*, 190 F.R.D. at 193 (quoting *Poplar Grove*, 600 F.2d at 1191)).

In addition to these district court cases from the Fourth Circuit, other circuits have addressed

the issue of what standard a district court should apply in exercising its discretion to grant an

unsecured stay. For instance, in *Federal Prescription Service*, the District of Columbia Circuit

Court of Appeals stated:

> The purpose of the supersedeas bond is to secure the appellee from loss resulting
> from the stay of execution. Because the stay operates for the appellant's benefit and
> deprives the appellee of the immediate benefits of his judgment, a full supersedeas
> bond should be the requirement in normal circumstances, such as where there is
> some reasonable likelihood of the judgment debtor's inability or unwillingness to
> satisfy the judgment in full upon ultimate disposition of the case and where posting
> adequate security is practicable. In unusual circumstances, however, the district
> court in its discretion may order partially secured or unsecured stays if [it does] not
> unduly endanger the judgment creditor's interest in ultimate recovery.

5

636 F.2d at 760-61.  In *Federal Prescription Service*, the court found that the district court did not

abuse its discretion in granting a stay on appeal without requiring a supersedeas bond where: (1) the

damage award was $100,000 and both parties appealed on questions going to the merits; (2) the net

worth of the debtor was $4.8 million; and (3) the debtor was a long-time resident of the District of

Columbia and there was no indication it intended to leave.  *Id.*

The Seventh Circuit Court of Appeals also has addressed this issue.  In fact, in their motion,

Defendants rely on factors set forth in *Dillon v. City of Chicago* for determining whether to waive

the posting of a bond.  *See* 866 F.2d 902, 904 (7th Cir. 1988).  In *Dillon*, the court listed the

following factors for a district court to consider:

> (1) the complexity of the collection process; (2) the amount of time required to
> obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the
> district court has in the availability of funds to pay the judgment; (4) whether "the
> defendant's ability to pay the judgment is so plain that the cost of a bond would be
> a waste of money"; and (5) whether the defendant is in such a precarious financial
> situation that the requirement to post a bond would place other creditors of the
> defendant in an insecure position.

*Id.* at 904-05 (internal citations omitted).  Defendants allege that these standards are met in the

present case.  However, Plaintiffs claim that Defendants have not offered any valid reason to excuse

them from the bond requirement, even under the standards set forth in *Dillon*.

In another Seventh Circuit case, *Lightfoot v. Walker*, the court decided that a district court

did not abuse its discretion in deciding not to excuse the state from posting a supersedeas bond.  797

F.2d 505, 506 (7th Cir. 1986).  *Lightfoot* involved a prisoners' rights civil suit against the state of

6

Illinois,[3] whereby the district judge awarded plaintiffs' counsel attorney's fees in the amount of

$710,501.10.  *Id*.  In appealing the award of attorney's fees, the state asked the court to excuse it

from posting bond on the ground that Illinois was solvent.  *Id*.  The court, however, declined to

excuse the state from posting bond, finding that "the procedure for collecting a judgment from the

State of Illinois is cumbersome and uncertain."  *Id.*

In the case *sub judice*, Defendants assert that *Lightfoot* is distinguishable because a separate

court of claims procedure for collecting a judgment is not required in South Carolina as it was in

Illinois and because the appropriations process is not cumbersome and complex and cannot work

any faster with a bond than without one.  (*See* Mot. at 4.)  However, Defendants also assert that

Plaintiffs probably cannot be paid until the South Carolina Legislature enacts an appropriation to

satisfy the judgment.  Thus, Plaintiffs argue that the collection process unquestionably qualifies as

cumbersome, complex, and time-consuming.  The court agrees with Plaintiffs.

In addition, not only does the court agree that the collection process qualifies as

cumbersome, complex, and timely, but also, the court agrees with Plaintiffs that Defendants' recent

statements have created genuine uncertainty as to the likelihood and manner of payment of the

judgment.  Thus, although Defendants argue that the bond requirement should be excused because

the state retains the financial ability to pay, the court finds that Defendants have not offered any

valid reason to excuse the bond requirement.  Accordingly, because "[t]he philosophy underlying

Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of

defending his judgment on appeal unless the defendant takes reasonable steps to assure that the

---

[3] The court in *Lightfoot* noted that the suit was against the state of Illinois because "public officials who are the named defendants were sued in their official rather than personal capacities so that the suit is in effect one against the state."  797 F.2d at 506.

judgment will be paid if it is affirmed," the court declines to waive the bond requirement in favor

of Defendants. *Lightfoot*, 797 F.2d at 506-07. Rather, in an effort to act both to preserve the status

quo and to protect Plaintiffs' rights, the court concludes that Defendants must comply with Local

Rule 62.01, which provides that "[t]he *Appellant* shall not be entitled to a stay of execution of the

judgment pending appeal unless the *appellant* executes a bond with good and sufficient sureties .

. ." in the amount of 125% of the judgment. Local Rule 62.01 (emphasis added).

## CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons that Defendants' motion for a stay,

without supersedeas bond, is hereby **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 4, 2006**